**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO:**

PATRICIA NOBLES,

    Plaintiff,

v.

ELECTRIDUCT, INC.,
a Florida corporation,
JOSEPH PROTO, individually,

    Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, PATRICIA NOBLES ("Plaintiff") pursuant to *29 U.S.C. § 216(b)* files the following Complaint against Defendants, ELECTRIDUCT, INC., ("ELECTRIDUCT"), and JOSEPH PROTO, ("PROTO"), individually (collectively referred to as "Defendants"), and alleges as follows:

**INTRODUCTION**

1. Defendants unlawfully deprived Plaintiff of overtime compensation during the course of her employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201–216*, to recover all overtime wages that Defendants refused to pay Plaintiff during the past three (3) years.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, ELECTRIDUCT, was a Florida for profit corporation located and transacting business within Pompano Beach, Florida, within the jurisdiction of this Honorable Court. ELECTRIDUCT is headquartered and operates its principal location at 1650 NW 18th Street, Suite 801, Pompano Beach, Florida 33069.

4. Defendant, ELECTRIDUCT, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

5. During all times material hereto, Defendant, PROTO, was a resident of the Southern District of Florida.

6. During all times material hereto, Defendant, PROTO was the president and owner of the corporate defendant within Pompano Beach, Florida.

7. During all times material hereto, Defendant, PROTO, was over the age of 18 years, an officer and/or director of the corporate Defendant and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, ELECTRIDUCT.

8. During all times material hereto, Defendant, PROTO, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d).

**JURISDICTION AND VENUE**

9. All acts and omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

10. Defendant, ELECTRIDUCT, is headquartered and regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

11. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

*12.* Defendant, ELECTRIDUCT, is a wire management and cable protection E-tail company based in Pompano Beach, Florida. The company was first founded in 1955 in Casper, Wyoming and specialized in the manufacturing and distribution of rubber duct cable protectors. *See https://www.electriduct.com/about-us.html* (last visited May 4, 2020).

13. ELECTRIDUCT has been operating in the state of Florida since 2006.

## FLSA COVERAGE

14. Defendant, ELECTRIDUCT, is covered under the FLSA through enterprise coverage, as ELECTRIDUCT was engaged in interstate commerce during Plaintiff's employment period. More specifically, ELECTRIDUCT's business and Plaintiff's work for ELECTRIDUCT affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, ELECTRIDUCT, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

15. During her employment with Defendants, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: cell phones, clothing, computers, computer keyboards, glass, telephones, cables, cord covers, cable raceway, pens, pencils, paper, wire loom, power distribution, braided sleeving, rubber duct cord covers, drills, polyurethane cable protectors, flat power extension cords, drop-over cord protectors, desk organizers, fire

protection gear, grommets, server racks and network cabinets, tapes, glues, sealants, testers, air compressors, industrial floor mats, label printers, pressure washers, wheelchair lifts and carriers, curb ramps, networking equipment etc.

16. Defendant, ELECTRIDUCT, regularly employed two (2) or more employees for the relevant time period, and these employees handled the same or similar goods or materials similar as Plaintiff, thus making Defendant, ELECTRIDUCT an enterprise covered by the FLSA.

17. Defendant, ELECTRIDUCT, grossed or did business in excess of $500,000.00 during the years of 2017, 2018, 2019 and is expected to gross in excess of $500,000.00 in 2020.

18. During her employment, Plaintiff was regularly and recurrently involved in interstate commerce, or in work directly related to instrumentalities of interstate commerce and is therefore covered under the FLSA through individual coverage. More specifically, Plaintiff regularly and recurrently worked in the fulfillment and distribution of Defendants' products that were handled and sold in interstate commerce on a daily basis.

19. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, ELECTRIDUCT and PROTO within the meaning of the FLSA.

**PLAINTIFF'S WORK FOR DEFENDANTS**

20. Plaintiff began working for Defendants on or about December 10, 2016 as a labeler.

21. In or around June 2017, Defendants promoted Plaintiff and gave her the job title of team lead.

22. Plaintiff was an hourly employee from December 10, 2016, until on or about January 17, 2020. During this time period, Plaintiff's regular hourly rate varied from around $13 per

hour to $20 per hour, depending on the non-discretionary bonuses Defendants paid Plaintiff.

23. From January 18, 2020 through the present, Defendants have paid Plaintiff on a salary basis of $961.54 per week. However, Plaintiff's primary job duties and responsibilities have not changed, and Plaintiff's job title is still team lead.

24. Plaintiff continued to perform non-exempt work for Defendants after Defendants made Plaintiff a salaried employee in January 2020.

25. Even after Defendants switched Plaintiff to a salary basis position on January 18, 2020, Defendants frequently paid Plaintiff additional compensation based on the number of hours she worked in a workweek.

26. During her employment period, Plaintiff worked approximately forty-five (45) to sixty-five (65) hours per week.

27. When Defendants hired Plaintiff, the Defendants agreed to pay Plaintiff a weekly bonus if she made mistakes on less than 1% of her deliveries. This bonus payment was non-discretionary, and Plaintiff reasonably expected to receive a bonus when she met Defendants' efficiency quotas.

28. Defendants never paid Plaintiff time-and-one-half her regular hourly rate when Plaintiff worked in excess of forty (40) hours in a workweek.

**INDIVIDUAL EMPLOYER LIABILITY**

29. During pertinent times to Plaintiff's employment, Defendant, PROTO, oversaw the day-to-day operations of ELECTRIDUCT and instructed Plaintiff and other employees on their duties and responsibilities. Defendant, PROTO, also controlled and enforced the payroll practices and policies of the company.

30. During all times material hereto, Defendants were expressly aware of the work performed by Plaintiff, but nevertheless required Plaintiff to continue working without receiving proper overtime compensation.

31. Defendants refused to pay Plaintiff proper compensation for overtime work at the federally mandated rate of time-and-one-half for work exceeding forty (40) hours per week.

32. As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

### COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207
**(Against All Defendants)**

33. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 32 as though set forth fully herein.

34. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

35. Defendants refused to compensate Plaintiff at the proper overtime rate of time-and-one-half required by the FLSA for all hours worked in excess of forty (40).

36. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA, as Defendants knew of the overtime requirements of the FLSA.

37. Defendants recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA during the relevant time period.

38. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

39. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

40. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, PATRICIA NOBLES, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, ELETRIDUCT, INC., and JOSEPH PROTO, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff, PATRICIA NOBLES, requests and demands a trial by jury on all appropriate claims.

**Dated this 4th day of May 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Patricia Nobles*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on May 4, 2020.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: