UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60899-CIV-DIMITROULEAS/SNOW

PATRICIA NOBLES,

    Plaintiff,

vs.

ELECTRODUCT, INC., a
Florida corporation and
JOSEPH PROTT, individually,
M         Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Plaintiff's Verfied Motion for Attorney's Fees and Costs (ECF No. 42), which was referred to United States Magistrate Judge Lurana S. Snow for a Report and Recommendation. The Motion is fully briefed and it is ripe for consideration.

This action alleged violation of the overtime provisions of the Fair Labor Standards Act (FLSA). A settlement agreement was reached, pursuant to which the Plaintiff received a total of $30,000, representing $15,000 in overtime wages and $15,000 in liquidated damages. Based on the billing records attached to the four declarations attached to the Motion, the Plaintiff now seeks an award of attorneys' fees in the total amount of $26,480.25, representing 32.07 hours of work by attorney Jordan Richards at the rate of $350.00 per hour (ECF No. 42-1 at 11-23)[1]; 55.84 hours by attorney Jake Blumstein at $225.00 per hour (ECF No. 42-2 at 7-22); 4.13 hours by

---

[1] Mr. Richards' declaration states that 32.07 hours x $350.00 per hour = $13,275.00 (ECF No. 42-1 at 10), while the billing records show the total as $11,235.00, id. at 11-23). The correct total billed by Mr. Richards is $11,224.50. Therefore, the undersigned has subtracted $10.50 from the claimed total fees of $26,490.75.

attorney Melissa Scott at $225.00 per hour, (ECF No. 42-3 at 3-4)[2] and 11.75 hours by law clerk April Petrosino at the rate of $150.00 per hour (ECF No. 42-4 at 4-5). In Plaintiff's Reply memorandum, Mr. Richards claims an additional 6.76 hours at $350.00 per hour for work related to the instant Motion, bringing the total claimed fee award to $28,846.25. The Plaintiff also asks the Court to tax costs in the amount of the $400.00 filing fee and $50.00 for service of process.

The Defendants object to the claimed attorneys' fees on several grounds. First, they assert that the Plaintiff failed to attach to the Motion a copy of the fee agreement. Next they argue that the reasonable hourly rates for attorneys Blumstein and Scott is $175.00 rather than $225.00, and the reasonable rate for law clerk Petrosino is $90.00 rather than $150.00. Third, they assert that the hours claimed for pre-suit and complaint; correspondence with opposing counsel; work on the Motion to Strike, case law review and discovery, and unrelated/unnecessary counseling, are excessive. Defendants also contend that the billing statements reflect charges by attorneys for clerical work and block billing. Finally, the Defendants claim that the Plaintiff refused to engage in settlement negotiations on the issue of attorneys' fees. Defendant do not object to the Plaintiff's claimed costs, but suggest that a reasonable attorneys' fee award is $4,871.25.

## I. DISCUSSION

### A. Attorneys' Fees

This Court must calculate a reasonable attorney fee by utilizing the "lodestar" method described in Hensley v. Eckerhart, 461 U.S. 424 (1983), which held that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable

---

[2] Ms. Scott's declaration incorrectly states that she performed 4.3 hours of work. (ECF No. 42-3 at 2)

hourly rate," since this computation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Id. at 433.

The party seeking an award of fees should submit evidence supporting the hours worked and the hours claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. A district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Id. at 433-34. Therefore, counsel for the prevailing party "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Id. at 434.

The Eleventh Circuit has adopted the lodestar approach as the method to be used in calculating federal statutory fee awards. Norman v. Housing Auth. of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The court must begin by determining a reasonable hourly rate, which is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299, citing Blum v. Stenson, 465 U.S. 886, 895 (1984). The applicant bears the burden of proving, by direct or opinion evidence, that the requested rate is in line with prevailing market rates. Norman, 836 F.2d at 1299.

The applicant also bears the burden of documenting his or her time expenditures, and may submit opinions as to their reasonableness. Id. at 1303. However, the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. Moreover, where billing records are voluminous, "an hour-by-hour analysis of a fee request is not required." Loranger v. Stierheim,10 F.3d 776, 783 (11th Cir. 1994).

District courts may make reasonable "across-the-board percentage cuts" instead of engaging in an hour-by-hour analysis of a fee request. Id.

In the instant case, the Plaintiff has complied with the requirements of Local Rule 7.3, which governs motions for attorneys' fees. The rule does not require that the moving party attach a copy of the fee agreement. Rather, Rule 7.3(a)(4) requires the party to disclose the terms of the applicable fee agreement. While a more explicit statement of the terms of counsel's fee agreement with the Plaintiff would have been preferable, the undersigned accepts the representation by counsel that the Plaintiff agreed to the hourly rates set forth in the billing statements. (ECF No. 47 at 2)

As to the hourly rates, the Defendants do not object to the rate claimed by Mr. Richards, but do contend that the hourly rates for Mr. Blumstein, Ms. Scott and Ms. Petrosino are excessive. Mr. Blumstein is a first-year associate, but has two years experience working on federal employment litigation matters when clerking for USA Employment Lawyers. Ms. Scott is a second-year associate and has appeared as counsel in more than 65 federal lawsuits. Ms. Petrosino is a third-year law student at the University of Florida levin School of Law, where she is an Ethos of Excellence Scholar and editor of the Florida Law Review. The undersigned finds that the claimed rate of $225.00 per hour for Mr. Blumstein and Ms. Scott and $150.00 per hour for Ms. Petrosino is within the range of rates charged in the Southern District of Florida for similar services by legal professionals of reasonably comparable skills, experience and reputation and should be awarded.

As to the hours expended, the total time spent by Plaintiff's timekeepers is 103.79 hours. After a careful review of the record in this cause and the billing record of the timekeepers, the undersigned finds that a reasonable fee for the work performed on this case is $20,000.00, which represents a reduction of the claimed fee by slightly more than 30%. The undersigned finds that this reduction is warranted, especially

in light of the hourly rates claimed by relatively inexperienced attorneys and Ms. Petrosino.

## B. Costs

The Plaintiff claims costs in the total amount of $450.00, representing the $400.00 filing fee and $50.00 for service of process. The Defendants do not object to the costs claimed.

Pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, the Court shall award costs to the prevailing party in a lawsuit. Rule 54(d) creates a presumption in favor of awarding costs, which the opposing party must overcome. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).

Taxable costs are identified in 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In the instant case, the $400.00 filing fee clearly is taxable as a fee of the Clerk. The Plaintiff seeks to tax costs in the amount of $50.00 for service of process. The Plaintiff utilized a private process server rather than having the Marshal serve the complaint on the Defendants, but this is permissible provided the rate charged does not exceed the cost of having a U.S. Marshal effect service. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000). The current rate charged by the U.S. Marshal is

$65.00 per hour (or a portion thereof) for each person served, plus travel costs and other out-of-pocket expenses. 28 C.F.R. § 0.114(a)(3). Since the claimed cost of $50.00 does not exceed that which would have been charged by the Marshal, it should be awarded.

## II. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that Plaintiff's Motion for Verified Attorney's Fees and Costs (ECF No. 42) be GRANTED, in part, and that the Plaintiff be awarded attorneys' fees in the amount of $20,000.00 and costs in the amount of $450.00.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 13th day of October, 2020.

_Lurana S. Snow_
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record